IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 13-cr-00475-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    SHANE MCMILLAN, and
2.    JESSIE WILSON,

    Defendants.

_____

**GOVERNMENT'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**
_____

    The United States of America, by First Assistant United States Attorney Robert C. Troyer, replies as follows in support of its Motion for Protective Order (Doc. No. 21):

    1.    Defendant McMillan objects to only one provision of the proposed Protective Order: confidential materials "may be shown to the defendants, but the defendants shall not be permitted to <u>retain</u> possession of them."  (Doc. No. 21-1, p.3, ¶ 4).  He has two objections to this provision: that (1) it would "restrict even the touching of the material by Mr. McMillian;" and (2) his due process rights "will be compromised if he cannot read, study, and assess all discovery materials in a manner which allows for the careful consideration which possession allows." (Doc. No. 26, ¶¶ 3 and 5).

    2.    The proposed Protective Order, however, expressly <u>allows</u> the defendants to possess confidential materials.  Its "proscriptive thumb" is tiny. (Doc. No. 26, ¶4).  What it proscribes is only the <u>retention</u> of those materials.  The material at issue is a

1

couple of dozen pages of statements made by fellow inmates to law enforcement. This information, of course, is not even discoverable at this stage of the case under the Jencks Act. Nonetheless, the government is willing to produce it as long as the defendants cannot retain it in their cells. The proposed Protective Order would expressly allow them to possess and review that information in the presence of counsel or alone in a separate room at the ADX, with a correctional officer standing outside, so they can give it all of "the careful consideration which possession allows." (Doc. No. 26, ¶5).

3. Finally, there is good reason for this tiny "proscriptive thumb." Defendant McMillan asserts that "[h]e is not in a position to share the materials with others" and therefore should be under no restriction. The unfortunate reality, though, is that inmates (especially those with the defendants' long histories of prison disruption, disobedience, and violence even in the nation's most secure prison) find ways to make mischief in BOP facilities. When the materials identify cooperating potential witnesses, mischief can mean violence and death. Given that, combined with the fact that the proposed Protective Order accommodates due process interests by allowing access to the materials in a room separate from the defendants' cells, the government respectfully requests that the Court enter the proposed Protective Order.

Respectfully dated this 16th day of January 2014.

3

Respectfully submitted,

JOHN F. WALSH
United States Attorney


s/ Colleen Covell
COLLEEN COVELL
s/Robert Troyer
ROBERT TROYER
Assistant United States Attorneys
1225 Seventeenth Street, Ste 700
Denver, Colorado  80202
Telephone:  (303) 454-0100
Fax: (303) 454-0406
Email:Colleen.covell@usdoj.gov
Robert.troyer@usdoj.gov

Attorneys for Government

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of January 2014, I electronically filed the foregoing **GOVERNMENT'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail address(es):

**Darren Randal Cantor**
darren@cantorlaw.net

**Robert William Pepin**
Robert_Pepin@fd.org,COX_ECF@fd.org

s/Debbie Azua-Dillehay
DEBBIE AZUA-DILLEHAY
Legal Assistant
U.S. Attorney's Office
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax:   (303) 454-0406
E-mail: Debbie.Azua-Dillehay@usdoj.gov

4