## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Raymond P. Moore

Criminal Case No. 13-cr-00475-RM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.      SHANE MCMILLAN, and
2.      JESSIE WILSON,

      Defendants.

___

## PROTECTIVE ORDER
___

THIS MATTER comes before the Court as a result of a motion of the United States for a Protective Order, pursuant to Federal Rule of Criminal Procedure 16. Upon a showing of good cause in support of entry of a protective order to protect dissemination of confidential information and/or sensitive data or records and after full consideration of the objections of Defendants McMillan and Wilson,

      IT IS ORDERED:

      1.      This Protective Order shall apply to the documents, materials, manuals, books, papers, data, or other objects produced pursuant to the production duties created by the Federal Rules of Criminal Procedure that are marked "CONFIDENTIAL - DEFENDANT MAY VIEW BUT NOT POSSESS." This Protective Order shall apply to the defendants, their counsel, and any of their staff, consultants, and experts.

2. Information designated "CONFIDENTIAL - DEFENDANT MAY VIEW BUT NOT POSSESS" ("CONFIDENTIAL INFORMATION") shall be information that is confidential and may include, for a Defendant, correspondence generated by and sent by a co-Defendant; reports, memoranda, or communications of the Department of Justice, the Federal Bureau of Investigation and the Federal Bureau of Prisons; documents that could impact the institution security and/or safety of the Administrative Maximum Penitentiary, Florence, Colorado ("ADX"); documents that contain information that is exempt under the Freedom of Information Act; documents that contain law enforcement sensitive information; documents that implicate the Health Insurance Portability and Accountability Act ("HIPPA"); documents that contain agency deliberative process sensitive information; documents that concern the institutional adjustment of Defendants McMillan and/or Wilson; and/or information that is protected by the Privacy Act of 1974.  CONFIDENTIAL INFORMATION shall not be disclosed or used for any purpose except the preparation and trial of this case.  The protections granted by this Protective Order shall not be waived.

3. CONFIDENTIAL INFORMATION may be reproduced electronically for litigation management purposes only.  Electronically reproduced CONFIDENTIAL INFORMATION must retain the mark "CONFIDENTIAL - DEFENDANT MAY VIEW BUT NOT POSSESS."

4. Documents, materials, and/or information marked "CONFIDENTIAL - DEFENDANT MAY VIEW BUT NOT POSSESS" may be shown to the defendants, but the defendants shall not be permitted to retain possession of them.

5. In addition to the other restrictions set forth herein, CONFIDENTIAL INFORMATION shall not, without the consent of the party producing it or further Order of the Court, be disclosed to any person, except that such information may be disclosed to:

a) Attorneys actively working on this case;

b) Persons employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

c) Expert witnesses and consultants utilized or retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

d) The Court; and

e) Other persons by written agreement of the parties.

6. Prior to disclosing any CONFIDENTIAL INFORMATION to any person listed in Paragraphs 5(c) and/or 5(e), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.  Counsel shall maintain a log identifying the person to whom the information was provided, what information is provided, and when the Protective Order was provided to them.  All such acknowledgments and the log shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by the opposing party.

7. In the event that a party desires to use CONFIDENTIAL INFORMATION as an exhibit to a Court document, the CONFIDENTIAL INFORMATION shall be filed under restriction in accordance with D.C.Colo.LCrR 47.1 and District of Colorado Electronic Case

Filing Procedures, and must retain the mark "CONFIDENTIAL - DEFENDANT MAY VIEW BUT NOT POSSESS."

8. If additional disclosure of CONFIDENTIAL INFORMATION is needed, or if a party disputes the marking of any information as CONFIDENTIAL, counsel for the disputing party will contact counsel for the producing/designating party to resolve the dispute or work out an appropriate procedure for such disclosure. If the parties cannot, after reasonable consultations, resolve the dispute, either party may file an appropriate motion with the Court. Said motion may attach the disputed CONFIDENTIAL INFORMATION as an exhibit to the motion. If the disputed CONFIDENTIAL INFORMATION is attached as an exhibit to such a motion, it shall be filed under restriction in accordance with D.C.Colo.LCrR 47.1 and District of Colorado Electronic Case Filing Procedures, and must retain the mark "CONFIDENTIAL - DEFENDANT MAY VIEW BUT NOT POSSESS."

9. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies (electronic and physical) thereof which have been designated as CONFIDENTIAL INFORMATION shall be returned to the party that designated it CONFIDENTIAL INFORMATION, or the parties may agree to destroy CONFIDENTIAL INFORMATION documents and the destroying party shall provide all parties with an affidavit confirming the destruction.

10. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

11. The procedures in place for review of CONFIDENTIAL INFORMATION by Defendants at the Bureau of Prisons shall be extended to all grand jury materials provided to

defense counsel in response to this Court's Order of December 19, 2013.  Notwithstanding the prior Order, counsel may reproduce and disseminate grand jury material to the limited extent required to make the material available to Defendants in the same manner and extent as CONFIDENTIAL INFORMATION.  To facilitate easy identification of the restricted nature of such materials, the grand jury material shall, on each page, bear the same legend described in Paragraph 1 above, by stamp or handwritten entry, as is applied to CONFIDENTIAL INFORMATION.

     DATED this 5th day of February, 2014.

                                                                        _____
                                                                        RAYMOND P. MOORE
                                                                        United States District Judge