**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 13-cr-475-RM

UNITED STATES OF AMERICA,

   Plaintiff,

v.

1. SHANE MCMILLAN,

   Defendant.

---

### RULE 11(c)(1)(B) PLEA AGREEMENT AND STIPULATION OF FACTS

---

  The United States of America, by and through Colleen Covell, Assistant United States Attorney for the District of Colorado, and the defendant, Shane McMillan, personally and by counsel, Robert W. Pepin, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

  This Plea Agreement resolves only the matters set forth on the dates of the indictment in this case, and it only binds the United States Attorney's Office for the District of Colorado. Discussions in relation to this plea agreement were and are entered into pursuant to Fed. R. Crim. P. 11(c)(1)(B), Fed. R. Evid. 410, and U.S.S.G. § 1B1.8.   The parties understand and agree that in the event the agreement represented herein is not accepted by the Court, is not entered into by the defendant, or the defendant fails to meet his obligations pursuant to this plea agreement, the Government will proceed with the prosecution of the defendant according to law, which may include obtaining superseding indictments and filing additional charges if applicable.   *See Ricketts v. Adamson*, 483 U.S. 1, 9-12 (1987)(agreement void and government permitted to

1

Court's Exhibit

1

reinstate original charges when defendant failed to completely fulfill his obligations pursuant to the plea agreement).

## I. <u>PLEA AGREEMENT</u>

1.      The defendant agrees to plead guilty to **Count One** of the Indictment, charging a violation of 18 U.S.C. §§113(a)(1) and (2), Assault with Intent to Murder.

2.      The Government agrees to dismiss Count Two of the Indictment, charging a violation of 18 U.S.C. § 1791(a)(2) and (b)(3), Possession of Contraband.   The Government also agrees to file a motion pursuant to United States Sentencing Guideline Section 3E1.1(b) for an additional decrease of one offense level.

3.      The defendant agrees to file a timely notice of disposition and request a change of plea hearing date and to withhold or withdraw any pretrial motions.

4.      The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.   Understanding this and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria:   (1) the sentence imposed is above the maximum penalty provided in the statute of conviction, (2) the Court, after determining the otherwise applicable sentencing guideline range, either departs or varies upwardly, or (3) the Court determines that the total offense level is higher than 34 and imposes a sentence above the sentencing guideline range calculated for that total offense level.   Except as provided above, the defendant also knowingly and voluntarily waives the right to appeal the manner in which the sentence is determined on grounds set forth in 18 U.S.C. § 3742.

2

The defendant also knowingly and voluntarily waives his right to challenge this prosecution, conviction, or sentence and/or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.   This waiver provision, however, will not prevent the defendant from seeking relief otherwise available if: (1) there is an explicitly retroactive change in the applicable guidelines or sentencing statute, (2) there is a claim that the defendant was denied the effective assistance of counsel, or (3) there is a claim of prosecutorial misconduct.   Additionally, if the government appeals the sentence imposed by the Court, the defendant is released from this waiver provision.

## II.  ELEMENTS OF THE OFFENSE

The elements of the charges of Assault with Intent to Murder are:

a.     Defendant assaulted the victim;
b.     The assault was done with the specific intent to commit murder; and
c.     The assault occurred within the special maritime and territorial jurisdiction of the United States.

## III.  STATUTORY PENALTIES

1.     The maximum statutory penalty for a violation of Title 18, United States Code, Sections 115(a)(1) and (2), as charged in **Count One** of the Indictment, is up to twenty years imprisonment; plus, not more than a $250,000.00 fine, or both; not more than five years supervised release; and a $100 special assessment fee.

2.     Conviction for a felony offense may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.   If the defendant is not a citizen of the United States, the conviction may cause the defendant to be deported from the United States.   A violation of the conditions of probation or supervised release may result in a separate prison sentence.

3

## IV.  STIPULATION OF FACTUAL BASIS AND FACTS
## RELEVANT TO SENTENCING

1.      The parties agree that there is no dispute as to the material elements which establish a factual basis of the offense of conviction.

2.      Pertinent facts are set out below in order to provide a factual basis for the plea and to provide facts which the parties believe are relevant.   To the extent the parties disagree about the facts relevant to sentencing, the statement of facts identifies which facts are known to be in dispute at the time of the plea.

3.      The statement of facts herein does not preclude either party from presenting and arguing, for sentencing purposes, additional facts or factors not included herein which are relevant to sentencing in general.   The parties stipulate that the Government's evidence at trial would establish the following:

   *The Government's evidence at trial would establish that on November 15, 2011, at approximately 11:30 a.m., defendant and co-defendant Jesse Wilson stabbed fellow inmate Erving Boyd in an effort to kill him while they were inside the J-Unit indoor recreation area of the Administrative Maximum Security prison in Florence, CO, and the victim was seated playing chess. Medical records indicate that the victim was stabbed at least 66 times. The assault was captured on videotape. The videotape reveals that when the defendants saw correctional officers were about to enter the unit, they began stabbing the victim more quickly. The officers entered the unit and the defendants dropped their shanks on the floor. While the defendants were being restrained by the responding correctional officers, Wilson looked at defendant and said, "I think we got him good." Following the attack, the victim was hospitalized with life-threatening injuries. After several weeks in the hospital, the victim eventually recovered.*

4

*All of the above events occurred in the State and District of Colorado within the special maritime and territorial jurisdiction of the United States.*

## V.   SENTENCING COMPUTATION

1.     The parties stipulate that sentencing in this case is to be determined by the Court based upon the sentencing factors in Title 18 U.S.C. § 3553 and calculations following the provisions of the   U.S. Sentencing Guidelines, issued pursuant to 28 U.S.C. § 994(a), as applied by the Court in an advisory capacity.   Neither party is prohibited from seeking an upward or downward variance from the recommended guideline range under Title 18 U.S.C. § 3553.

2.     The parties understand that the Court may impose any sentence, up to the statutory maximum, regardless of any guideline range computed, and that the Court is not bound by any position of the parties.   The Court is free, pursuant to §§6A1.3 and 6B1.4, to reach its own findings of facts and sentencing factors considering the parties' stipulations, the pre-sentence investigation, and any other relevant information.   (§6B1.4 Comm.; §1B1.4)

3.     Neither party is bound to the guideline calculation contained herein since it is an estimate only.   However, to the extent the parties disagree about the sentencing factors, the computations below identify the factors which are in dispute.   (§6B1.4(b))

   a.     Pursuant to section 2A2.1, the base offense level is **33**.   There is a 4-level enhancement because the victim sustained life-threatening bodily injury, resulting in a combined Offense Level of **37.**

   b.     Assuming that the defendant timely filed a notice of disposition and withheld or withdrew any pretrial motions in this case and did not engage in conduct described in §3C1.1, the defendant should receive a **three**-level downward adjustment for timely acceptance of responsibility.   The resulting Total Offense Level is **34.**

   c.     The parties understand that the stipulation regarding criminal history of the defendant is tentative, and that the defendant is in a better position to know the relevant facts than is the Government.   The criminal history

5

category is more completely and accurately determined by the Probation Department, and additional facts regarding the criminal history can greatly affect the final guideline range.   Nevertheless, the Government believes that the defendant is in Criminal History Category **VI**.

d.    The career offender/career livelihood adjustments in section 4B1.1 **do** apply.   The applicable Offense Level is higher than the offense level provided by section 4B1.1, so it is the relevant Level.

e.    The guideline range resulting from the offense level of 34 in b above, and the (tentative) criminal history category of **VI** is **262 to 327 months.** However, the statutory maximum is 20 years, effectively converting the guideline range to **240 months.**

f.    Pursuant to Section 5E1.2, the fine range for an offense level of 34 is $17,500-$175,000.

g.    The term of supervised release is not more than five years.

## VI.   REASONS WHY THE PLEA AGREEMENT IS APPROPRIATE

1.    The plea reasonably encompasses all readily provable relevant offense conduct as of the date of the offer represented by the proposed plea agreement, and adequately reflects the serious nature of the criminal activity engaged in by the defendant.

2.    This document states the parties' entire agreement.   There are no other promises, agreements (or "side agreements"), terms, conditions, understandings or assurances, express or implied.   In entering this agreement, neither the Government nor the defendant have relied, or are relying, on any terms, promises, conditions or assurances not expressly stated in this agreement.

Date: **10/23/14**                                        _____
                                                         SHANE MCMILLAN
                                                         Defendant

Date: **10/23/14**                                        _____
                                                         ROBERT W. PEPIN
                                                         Attorney for Defendant

6

Date: _10/24/14_

ROBERT C. TROYER
Assistant United States Attorney

Date: _10/24/14_

COLLEEN COVELL
Assistant United States Attorney

7